```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

MAUREEN P. HURLEY,              )
          Plaintiff,            )
                                )
     v.                         )  C.A. No. 05-10678-JLT
                                )
AJA TAYLOR,                     )
          Defendant.            )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is granted thirty-five (35) days to demonstrate good cause why this action should not be dismissed.

## BACKGROUND

On March 29, 2005, plaintiff Maureen P. Hurley filed her self-prepared complaint accompanied by an Application to Proceed Without Prepayment of Fees. The Court notes that the instant complaint (Docket No. 2) is identical to the complaint plaintiff filed on November 19, 2004 in Hurley v. Taylor, Civil Action No. 04-12203-RGS. See Docket No. 5, C.A. No. 04-12203-RGS. Plaintiff's earlier action was summarily dismissed pursuant to 28 U.S.C. § 1915(e). See 3/4/05 Order, C.A. No. 04-12203-RGS.

Here, Hurley again contends that she is a "minister practitioner of the New Testament faith" and that defendant Taylor illegally discriminated against Hurley by requiring Hurley to be evaluated by a medical doctor. See Complaint.

## REVIEW

Because plaintiff has moved to file without prepayment of

fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal <u>in forma pauperis</u> statute, 28 U.S.C. § 1915.

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2).

An <u>in forma pauperis</u> complaint may be dismissed <u>sua sponte</u> and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  <u>Id.</u>; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

### DISCUSSION

Although pro se complaints are entitled to a close and sympathetic reading, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), plaintiff's complaint raises the same issues brought against the same defendant in the earlier action <u>Hurley v. Taylor</u>, Civil Action No. 04-12203-RGS (§ 1915(e) dismissal entered Mar. 4, 2005).

As an initial matter, the Court recognizes that repetitious actions are appropriate for dismissal pursuant to section

1915(e).  See, e.g., Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992) (dismissal under the former § 1915(d)); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.) (dismissal under the former § 1915(d)), cert. denied, 493 U.S. 969 (1989).

To the extent plaintiff seeks judicial review of any decision of the Social Security Administration concerning her benefits, it appears that this Court lacks jurisdiction over her claims.  See Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 10-14 (2000) (federal courts lack jurisdiction to review decisions on claims arising under the Social Security Act unless a "final decision" has been rendered).  Because plaintiff does not allege exhaustion of her administrative remedies, this action is subject to dismissal.

Finally, a court on notice that it has previously decided an issue may dismiss an action sua sponte, consistent with the res judicata policy of avoiding judicial waste.  In re Medomak Canning, 922 F. 2d 895, 904-905 (1st Cir. 1991) (citations omitted); cf. Kowalski v. Gagne, 914 F. wd 299, 305 (1st Cir. 1990) (a court may take judicial notice of other relevant court proceedings).  Moreover, under the federal doctrine of res judicata,[1] a final judgment on the merits of an action precludes

---

[1] The res judicata analysis is governed by federal law because the original action was litigated in this court. Andrews-Clarke v. Lucent Techs. Inc., 157 F. Supp. 2d 93, 99 (D. Mass. 2001) (citing In re: Iannochino, 242 F. 3d 36, 41 (1st Cir. 2001) ("Federal res judicata principles govern the res judicata effect of a judgment entered in a prior federal suit ....")).

3

the parties or their privies from re-litigating issues that were or could have been raised in that action. Havercombe v. Dep't of Educ., 250 F.3d 1, 3 (1st Cir. 2001) (citation omitted). Res judicata requires (1) a final judgment on the merits in an earlier action; (2) an identity in the causes of action in the earlier and later suits; and (3) an identity of parties or privies in the two suits. Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991).

Here, the first factor of the res judicata test is met pursuant to Denton, 504 U.S. at 34 (finding that a dismissal under § 1915(e), while not a dismissal on the merits, could have a res judicata effect on subsequent actions filed in forma pauperis ). See e.g. Okoro v. Bohman, 164 F.3d 1059, 1062 (7th Cir. 1999) (res judicata bars a subsequent suit if the claim upon which the suit is based arises from the "same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment"); Marts v. Hines, 117 F.3d 1504, 1505 n. 8 (5th Cir. 1997)(stating that dismissals under the in forma pauperis statute "may serve as res judicata for subsequent in forma pauperis filings"); Waller v. Groose, 38 F.3d 1007, 1008 (8th Cir. 1994)(per curiam) (previous preservice dismissal as frivolous does not bar plaintiff from asserting identical claim in subsequent fee-paid complaint, but such dismissal does have res judicata effect on frivolousness determination for future IFP complaint asserting same claims).

Next, the causes of action in plaintiff's current complaint

and the 2004 complaint are sufficiently identical because they involve the same transaction or occurrence: plaintiff's application for social security benefits.  See Manego v. Orleans Board of Trade, 773 F.2d 1, 5 (1st Cir. 1985); see Havercombe, 250 F.3d at 9.

Finally, the third factor, identity of the parties, is clearly the same as the parties in both actions (plaintiff and Ms. Taylor) are identical.  Therefore, plaintiff's complaint is subject to dismissal based on res judicata.  See Kale, 924 F.2d at 1166 (affirming dismissal).

## CONCLUSION

ACCORDINGLY, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) without further notice after thirty-five (35) days from the date of this Memorandum and Order, unless before that time plaintiff shows good cause, in writing, why the Complaint should not be dismissed for the reasons stated above.
SO ORDERED.

Dated at Boston, Massachusetts this 28th day of June, 2005.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE